# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES BIGELOW, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 04-1810 |
| | : | |
| GREG WINOKUR, | : | |
| Defendant. | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                               November 17, 2010

By Order dated June 20, 2007, the United States Court of Appeals for the Third Circuit dismissed Plaintiff's appeal filed April 4, 2006, noting that:

> Because we have no jurisdiction at this time, we are unwilling at this stage of the proceedings, and in light of plaintiff's putative preservation of his right to appeal the District Court's denial of his motions for partial summary judgment and motion in limine, to hold that plaintiff waived his right to contend, before a trier of fact, that there was no probable cause to arrest him and that Winokur used excessive force.

The Court added:

> The appeal is dismissed and the matter remanded to the District Court so that the open factual issues can be resolved.

Pursuant to the remand, the Court scheduled an evidentiary hearing for October 13, 2010.[1]

---

1. A reason for the long delay between the remand and the October 13, 2010 hearing is offered by Plaintiff on pages 27-30 of the Notes of Testimony.

Neither side presented any testimony at the hearing although Defendant, without objection, except to Exhibit D-1, introduced Exhibits (D-1 through D-4). The undisputed procedural facts of this case are as follows:

This case was reassigned to my docket on December 1, 2005, upon the passing of our beloved colleague, Charles P. Weiner. On December 14, 2005, a series of orders were entered, one of which vacated the order of dismissal without prejudice entered on August 10, 2004, and another of which denied plaintiff and defendant's motion for partial summary judgment and scheduled trial for January 23, 2006.

Subsequently, by order dated December 23, 2005, the trial was rescheduled until March 6, 2006 with pretrial memoranda being due on February 27, 2006. The defendant duly filed his pretrial memorandum on February 22, 2006. The plaintiff never filed a pretrial memorandum but did file a motion in limine, which was granted in part by order dated March 14, 2006. Plaintiff also filed a second motion for partial summary judgment on March 20, 2006. This motion was denied by order dated March 27, 2006 and trial was scheduled this time for April 10, 2006. Once again, defendant filed a pretrial memorandum on April 6, 2006, but plaintiff, as previously stated, never filed a pretrial memorandum.

Instead, the Exhibits, supra, suggest that plaintiff had no intention of going to trial. In Exhibit D-1 (Letter dated March 31, 2006 to defendant's counsel), plaintiff states:

> In the event the parties are unable to settle, plaintiff shall file a stipulation for a defense judgment and take the matter up on appeal."

The defendant made it clear there was no settlement on the terms plaintiff proposed, so plaintiff did in fact file a Stipulation of the Plaintiff, in which he stated:

> Plaintiff, James Bigelow, stipulates to the entry of a final judgment in favor of Defendant subject to Plaintiff's right to appeal the District Court's denial of his motions for partial summary judgment (Docket Nos. 27 and 49) and his motion in limine (Docket No. 43) upon which this decision to stipulate is predicated.

It was not a stipulation in the ordinary sense; *i.e.*, a voluntary agreement between opposing counsel on some issue usually, but not always, to narrow the range of issues to be presented to a fact finder. This stipulation did not in any way represent an agreement between opposing counsel.

Moreover, this "unilateral stipulation", as plaintiff refers to it (See Notice of Withdrawal filed October 13, 2010, the date of the hearing), filed on "the eve of trial" was subject in plaintiff's words, to "plaintiff's right to appeal." No other condition was set forth in this stipulation, such as, most importantly, plaintiff's preservation of his right to trial.

Moreover, no motion was ever filed to modify or amend the judgment of this court entered April 10, 2006, which simply provided:

> IT IS HEREBY ORDERED that Judgment be and the same is hereby entered in favor of Defendant Greg Winokur and against Plaintiff James Bigelow.

Plaintiff argues he never waived his right to contend before a trier of fact. He admits, however, that the reason for stipulating to a consent judgment was that in light of the court's ruling, "there was no good faith basis to believe his case had merit." (N.T. 31).

Furthermore, it is clear that, realizing he could not win at trial, he pursued a course that, if successful, would result in a verdict for him. That is, if the Court of Appeals would have reversed this court's order on plaintiff's motion for partial summary judgment, plaintiff would have won the case which he felt he had no chance of winning before a jury. Clearly, he was waiving a jury trial in favor of seeking judgment as a matter of law.

Plaintiff also claims he did not know the issues of fact (N.T. 35) because "the defendant hasn't even provided us with answers to discovery."[2] Defendant in fact did respond to plaintiff's interrogatories, request for production of documents, and provided self disclosure as required. (See Document 38). Moreover, plaintiff never filed a motion to compel, a standard practice when requests for discovery have been ignored or are unsatisfactory.

Plaintiff himself did not comply with discovery requests according to defendant. What is abundantly clear is that plaintiff was not ready for trial, felt he would lose anyway, and therefore decided on the only tactic he thought would result in success. In doing so, he implicitly waived his right to try the case before a fact finder, a right he never made any effort to preserve. As previously stated, plaintiff has never even filed for relief from the final judgment entered in this case.

Finding a waiver of jury trial by plaintiff, the following order will be entered.

---

2. Plaintiff makes other misstatements which, given the age of this case, and giving Plaintiff the benefit of the doubt, may be a failure of memory.